{¶ 38} I respectfully dissent from the majority opinion, because it impermissibly weighs evidence which is, at best, questionable and conflicting.
 {¶ 39} A summary judgment exercise is not intended to weigh evidence.[6] Nevertheless, the majority opinion has accepted as settled those parts of the record that support its position and rejected those that do not. Thus, the question of whether there are genuine issues of material fact that remain to be tried has been avoided.
 {¶ 40} Weisbarth's affidavit indicates that the canine unit was being disbanded in September 2004. Her information and belief were based on statements from Deputy Director McClintock, who told her that the unit was being disbanded. In his deposition testimony, however, that same deputy director contradicts Weisbarth's assertion by testifying that decommissioning of the canine unit would have required formal board action and, therefore, it never happened. Director Curtin, in his affidavit, went one step further and stated that the board votednot to decommission the unit, though no such vote appears anywhere else in the record. Thus, the GPD officials do not deny the accuracy of Weisbarth's assertion that the canine unit was being disbanded. Instead, they rely on the formality of a board vote to support their assertion that it could not have happened, even though no such vote appears in the record.
 {¶ 41} GPD's inclination to stand on formalities that may or may not have happened is further illustrated in the record. Specifically, the formality of creating the canine unit is notably absent from the record. Therefore, it is questionable whether the canine unit was ever created, much less disbanded.
 {¶ 42} The affidavits of the three park commissioners in support of the motion for summary judgment are all identical, and are all to the effect that two things happened on April 10, 2001: first, the K-9 unit was established, and secondly, Sammy was commissioned as a ranger.
 {¶ 43} However, an examination of the actual minutes of the park commissioners' meeting only reflects the commissioning of Sammy as a ranger. It does not reflect that a canine unit was established at that particular meeting. The resolution that was passed at that meeting states: "in accordance with Section 1545.13 of the Ohio Revised Code, [another individual] and Sammy (K-9) be appointed as police officers (Rangers) of the Geauga Park District[.]"
 {¶ 44} It is clear that GPD stands on formality in order to assert that the disbanding of the canine unit would require formal board action. Yet, that same formality is notably absent when it came to creating the same canine unit. The only reasonable inference from such contradictory evidence is that reasonable minds can come to more than one conclusion as to whether the canine unit was ever formed or disbanded.
[6] Killilea v. Sears, Roebuck Co. (1985), 27 Ohio App.3d 163,167.